UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:20-cv-430-SDM-MRM
                                                     8:18-cr-343-SDM-MRM

DOMINGO RODRIGUEZ-DIAZ
_____/

### ORDER

Rodriguez moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges

the validity of his conviction for conspiracy to possess with the intent to distribute

five kilograms or more of cocaine while on the high seas and aboard a vessel subject

to the jurisdiction of the United States, for which offense he is imprisoned for

135 months.  Both the conviction and sentence accord with the plea agreement.

An earlier order (Doc. 5) directs Rodriguez to show cause why the motion to

vacate is not time-barred.  After considering Rodriguez's explanation (Doc. 6), the

district court ordered (Doc. 7) the United States to respond to the motion to vacate.[1]

The United States requests a denial of the motion because all grounds are

procedurally defaulted.  Affording his reply a generous interpretation, Rodriguez

erroneously argues that the United States lacked jurisdiction over his vessel.[2]

_____

[1] In response the United States asserts both that "Rodriguez's judgment became final on January 17, 2019," and that "Rodriguez did not timely file his section 2255 motion, but rather filed it on February 24, 2020." (Doc. 14 at 5) The United States does not, however, request a dismissal of the motion to vacate based on timeliness.

[2] The reply is a twenty-four-page harangue that challenges both the jurisdiction of the United States and the enforcement of drug trafficking laws against a stateless vessel on international

(continued...)

In the plea agreement Rodriguez admitted that he "conspired to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States." (Doc. 45 at 2 in 18-cr-343) Also, Rodriguez stipulated to the following facts (Doc. 45 at 20–22):

> On July 13, 2018, a stateless go-fast vessel (GFV) containing the four co-defendants, was interdicted by the Coast Guard Cutter (CGC) Hamilton in international waters of the Eastern Pacific Ocean, approximately 267 nautical miles (nm) west of the Galapagos Islands.
>
> While on routine patrol, the CGC Hamilton detected two GFVs with bales of suspected contraband on deck approximately 500 yards from each other. CGC Hamilton launched its helicopter and over the horizon (OTH) vessel to interdict the GFVs and conduct a right of visit inquiry on both GFVs. Coast Guard personnel observed GFV #1 jettisoning the bales of suspected contraband before getting underway. The second GFV . . . did the same. Both GFVs failed to heave-to after being instructed to do so by the Coast Guard. The Hamilton's helicopter disabled both GFV's and identified the two separate, distinct debris fields. The OTH conducted a right of visit for GFV #1. No master was identified, there was no claim of registry for the GFV, no indicia of nationality other than an Ecuadorian flag painted on the hull. The USCG contacted the government of Ecuador, which responded it could neither confirm nor deny registry for GFV #1. The Hamilton recovered twenty-five-(25) bales from the debris field for GFV # 1. The Coast Guard suspected that the substance recovered from the bale field was cocaine. The suspected cocaine was field tested and the results tested positive for cocaine. The weight of the substance was at least five (5) kilograms, over 450 kilograms, specifically the weight of the cocaine was 846 kilograms. Each crewmember was equally responsible for transporting the cocaine.
>
> On board GFV#l were four mariners, Domingo Amable Rodriguez-Diaz (Ecuadorian national), Feliciano Dolores Castro-Ordonez (Colombian national), Eulogio Ramiro Yoza-Tigua (Ecuadorian national), and Freddy Oswaldo Torres-Castro (Ecuadorian national).

---

water. Certainly something that circulates within the prison, the paper is tailored to Rodriguez only by his name and case number on the first page and his name and signature on the last page.

In his motion to vacate Rodriguez alleges (1) that the United States lacked jurisdiction over his vessel under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, (2) that the indictment was defective for not asserting jurisdiction as an element under the MDLEA, and (3) that the Coast Guard exercised "hostile aggression" toward the vessel and subjected him to "cruel, inhumane and degrading treatment."

As admitted above, United States law enforcement authorities apprehended Rodriguez on a stateless vessel in international water carrying 846 kilograms of cocaine in violation of the MDLEA.  Rodriguez challenges the constitutionality of MDLEA and contests the district court's subject matter jurisdiction over his admittedly illegal drug smuggling.  The constitutionality of the MDLEA is well established by precedent in this circuit.  *See, e.g., United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002); *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). *See also United States v. Napa Moreira*, 810 F. App'x 702, 705 (11th Cir.)[3] ("[T]he Piracies and Felonies Clause empowers Congress to prosecute crimes committed on the high seas and, given that trafficking narcotics is 'condemned universally by law-abiding nations,' it is not 'fundamentally unfair' to punish those who traffic drugs on the high seas."), *cert. denied*, 141 S. Ct. 627 (2020).

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Rodriguez's guilty plea generally waived his challenges. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also Class v. United States*, 138 S. Ct. 798, 805–06 (2018) ("[A] valid guilty plea relinquishes any claim that would contradict the 'admissions necessarily made upon entry of a voluntary plea of guilty.'") (quoting *Broce*); *United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson*, 962 F.2d at 997. Consequently, the entry of a guilty plea waives a claim that occurred before entry of the plea, including both a substantive claim and a purported failing of counsel but neither a jurisdictional

challenge nor a voluntariness challenge to the plea.[4]  Moreover, the claim lacks merit because "[t]he MDLEA provides that the question of whether a vessel is subject to the Act 'is not an element of [the] offense' and is a 'preliminary question[ ] . . . to be determined solely by the trial judge.'  46 U.S.C. § 70504(a)."  *United States v. Vargas*, 781 F. App'x 815, 820 (11th Cir. 2019) (brackets original).

Lastly, Rodriguez can now challenge neither the force used to stop his vessel nor the conditions of his confinement as a basis for challenging his conviction.  "A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered."  *Class v. United States*, 138 S. Ct. 798, 805 (2018).  *See also United States v. Castillo*, 899 F.3d 1208, 1214 (11th Cir. 2018) (applying *Class* to preclude a challenge to a more than two-week delay between his arrest under the MDLEA and his appearance before a magistrate judge).

The motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Rodriguez, close this case, and enter a copy of this order in the criminal case.

**DENIAL OF BOTH A**
**CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Rodriguez is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's

---

[4] Although Rodriguez asserts that his plea was involuntary, the basis for this assertion is the absence of jurisdiction under the MDLEA. Jurisdiction is proper and, consequently, the asserted involuntariness has no basis.

denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Rodriguez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Rodriguez is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Rodriguez must pay the full $455 appellate filing fee without installments unless the circuit court allows Rodriguez to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 28, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 6 -